UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON PARNELL STONE,<br><br>    Petitioner,<br><br>    v.<br><br>KIMBERLY HOLLAND,<br><br>    Respondent. | No.  2:14-cv-02696 JAM AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition pursuant to 28 U.S.C. § 2254.[1] Petitioner has also filed two motions for relief from final judgment, ECF Nos. 5 and 10; a motion for unconditional release, ECF No. 6; and a motion to stay the execution of his sentence, ECF No. 21. Presently before the court is respondent's motion to dismiss, ECF No. 17, filed July 2, 2015. Petitioner has opposed the motion. ECF No. 19.

I.     Background

Petitioner was convicted in Sacramento County Superior Court on six counts of performing lewd acts with a child under the age of fourteen. The trial court sentenced petitioner to eighteen years in state prison. On July 31, 2008, the California Court of Appeal for the Third Appellate District reversed one of petitioner's convictions. The remaining five convictions were

---

[1] While petitioner purports to proceed pursuant to 28 U.S.C. § 2241, the court construes the petition as a § 2254 petition for the reasons explained below.

1

affirmed. The Court of Appeal modified petitioner's sentence to eliminate the consecutive term imposed with respect to the reversed count of conviction. The trial court was instructed to amend the abstract of judgment to reflect the change. ECF No. 17-2 Ex. 1. On November 24, 2008, the Sacramento County Superior Court issued the amended abstract of judgment reflecting a sentence of sixteen years in state prison. ECF No. 17-2 Ex. 6 at 41-42.

In the instant petition, petitioner challenges the constitutionality of his current detention and argues that his sentence is being carried out in an "erroneous" manner due to a miscalculation of the maximum authorized sentence, which petitioner contends cannot exceed eight years.[2] See ECF No. 1 at 7. Petitioner argues that he has already served eight years and that his continued detention violates his due process rights. See id.

II.     Motion to Dismiss

Respondent moves for dismissal on the grounds that (1) petitioner's attempt to seek habeas relief under § 2241 rather than § 2254 is improper, (2) petitioner's § 2254 petition is successive under 28 U.S.C. § 2244(b)(2), and (3) the petition is untimely under § 2244(d). ECF No. 17 at 2. Because this is an unauthorized successive petition for the reasons that follow, the court need not and does not reach the timeliness issue.

A.   28 U.S.C. § 2241 versus 28 U.S.C. § 2254

In his petition for habeas relief, petitioner attempts to frame his claim as a challenge to the manner in which his sentence is being carried out. See ECF No. 1 at 7. Petitioner asserts that because 28 U.S.C. § 2241 is the appropriate vehicle for challenging the execution of his sentence, dismissal of his petition "for failure to obtain prior appellate permission to file would be erroneous." Id.

In his motion to dismiss, respondent contends that petitioner "is attempting to utilize § 2241 in order to bypass AEDPA's procedural limitations on successive petitions," and argues that petitioner is not entitled to proceed under 28 U.S.C. § 2241 because he is a state inmate

---

[2] Although it is not entirely clear, petitioner appears to take the position that because the maximum sentence for a violation of Penal Code 288(a) is eight years, he can only be sentenced to a total of eight years for all five counts. See ECF No. 1 at 7, 12.

2

challenging a state court sentence.  ECF No. 17 at 3-4.

The Ninth Circuit has made clear that "a state habeas petitioner may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254."  Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999). Where a state prisoner is in custody pursuant to a state court judgment, § 2254 "is the exclusive vehicle for a habeas petition . . . even when the petitioner is not challenging his underlying state court conviction."  White v. Lambert, 370 F.3d 1002, 1010 (9th Cir. 2004), overruled on other grounds.  Here, petitioner is in the custody of the California Department of Corrections pursuant to a state court judgment.  Accordingly, § 2254 "is the exclusive avenue for [petitioner] to challenge the constitutionality of his detention."  See White, 370 F.3d at 1007.

### B. The Petition is Successive

28 U.S.C. § 2244(b)(3)(A) provides that a second or successive application for habeas relief may not be filed in district court without prior authorization by the court of appeals.  See Felker v. Turpin, 518 U.S. 651, 656–657 (1996).  Prior authorization is a jurisdictional requisite.  Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits).  The district court has discretion either to transfer a successive petition to the court of appeals or to dismiss the petition.  United States v. Winestock, 340 F.3d 200 (4th Cir.2003) (§ 2255 case); Robinson v. Johnson, 313 F.3d 128, 139–140 (3rd Cir.2002).

A petition is successive within the meaning of 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief," or "if it attacks the federal court's previous resolution of a claim *on the merits* . . ."  Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (emphasis in original).  "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction."  Id. at 530.  "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits."  McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir.2009) (citing Woods v. Carey, 525 F.3d 886, 888 (9th Cir.2008)).

Petitioner previously challenged his sentence in Stone v. Martel, No. 2:10-cv-3453 KJM

3

GGP P, which was denied on the merits on March 26, 2012.[3]  This court takes judicial notice of the record in that proceeding.  See Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981) (judicial notice may be taken of court records).  Respondent has also identified a subsequent federal habeas petition attacking the same sentence.[4]

Respondent contends that the instant petition is successive because petitioner already challenged this same sentence and conviction in a prior federal habeas petition, which was dismissed as untimely.  ECF No. 17 at 4.  Respondent is correct.  Because the prior petition was denied on the merits, 28 U.S.C. § 2244(b)(3) applies.  McNabb, 576 F.3d at 1029.  Because petitioner has "brought claims contesting the same custody imposed by the same judgment of a state court" without first having obtained the requisite authorization from the Court of Appeals, Burton v. Stewart, 549 U.S. at 153, this court cannot entertain the petition.  Should petitioner seek to proceed on the merits, he must seek authorization from the Ninth Circuit Court of Appeals to do so.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 17) be granted on the ground that the petition is successive;

2. Petitioner's application for a writ of habeas corpus be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit Court of Appeals

---

[3] See ECF No. 17-2 Ex. 2 at 13-14 (Order, filed on January 10, 2011, summarizing petitioner's grounds for relief as including a challenge to the duration of his sentence); id. Ex. 4 at 18-20 (Findings and Recommendations, filed November 18, 2011, recommending that respondent's motion to dismiss the petition as time-barred be granted); id. Ex. 5 at 22-24 (Order, filed March 26, 2012, granting respondent's motion to dismiss the petition).  By order filed March 26, 2012, the district judge declined to issue a certificate of appealability.  Id. at 24.

[4] On May 7, 2014, petitioner filed a habeas petition (Case No. 2:14-cv-1164 WBS DAD P) in which he alleged that the sentence imposed on him violated the Double Jeopardy Clause, that he had completed his sentence as of March 15, 2014, and that his sentence was no longer effective.  The magistrate found the petition to be successive and recommended that respondent's motion to dismiss be granted.  See ECF No. 17-2 Ex. 7 at 44-48 (Findings and Recommendations, filed on October 2, 2014).  The district judge dismissed the petition without prejudice by order filed November 4, 2014.  See ECF No. 17-2 Ex. 8 at 49-51.  In the same order, the district judge declined to issue a certificate of appealability.  Id. at 51.

4

authorizing petitioner to file a second or successive petition;

3. All remaining pending motions (ECF Nos. 5, 6, 10, 21) be denied as moot; and

4. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 20, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE