UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON PARNELL STONE, | No. 2:14-cv-02696 JAM AC P |
| Petitioner, | |
| v. | ORDER |
| KIMBERLY HOLLAND, | |
| Respondent. | |

By order filed November 23, 2015, this court dismissed petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and entered judgment accordingly, on the ground that the petition was successive and petitioner had not obtained authorization from the Ninth Circuit Court of Appeals to proceed in district court. See 28 U.S.C. § 2244(b). See ECF No. 26.

Nearly one year later, on October 13, 2016, petitioner filed a motion for reconsideration pursuant to Rule 60(b)(5) and (6), Federal Rules of Civil Procedure, on the ground that his claim of ineffective assistance of appellate counsel (for failing to assert the ineffective assistance of petitioner's trial counsel) is a matter of constitutional dimension requiring de novo review under Martinez v. Ryan, 132 S. Ct. 1309 (2012). See ECF No. 28.

////

////

1

1  Notwithstanding the unexplained delay in filing,[1] the motion must be denied on the
2  ground that the underlying petition remains successive.  See 28 U.S.C. § 2244(b).  Petitioner's
3  reliance on Martinez is inapposite, as Martinez does not provide for an exception to the
4  successiveness bar.  Petitioner's arguments for review of his claims must be directed to the Ninth
5  Circuit Court of Appeals, in support of a request for authorization to proceed with a new and
6  successive petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  See 28 U.S.C. §
7  2244(b)(3)(A).  Accordingly, this case will remain closed and any future filings will be ignored.
8  Accordingly, IT IS HEREBY ORDERED that petitioner's motion for reconsideration,
9  ECF No. 28, is DENIED.
10  DATED: March 29, 2017
11  /s/ John A. Mendez_____
12  UNITED STATES DISTRICT COURT JUDGE

---

[1] A motion for reconsideration under Rule 60(b) must be made "within a reasonable time;" motions made under Rule 60(b)(1)-(3) must be made "no more than a year after entry of the judgment."  Fed. R. Civ. P. 60(c)(1).

2